UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

          Plaintiff,

v.

ARTHUR LONG,

          Defendant.

Case #13-CR-6145-FPG

DECISION AND ORDER

---

By text order dated September 24, 2013, all pretrial matters in this case were referred to United States Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). ECF No. 17. Count One of the indictment in this case charges Defendant Arthur Long with possession of methylone with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Count Two charges the Defendant with possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); Count Three charges the Defendant with using and maintaining 35 Chi Mar Drive, Rochester, New York, for the purpose of manufacturing, distributing and using methylone and marijuana in violation of 21 U.S.C. § 856(a)(1); and Count Four charges the Defendant with possessing firearms in furtherance of the charged drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A). The indictment also contains a forfeiture allegation which alleges that the firearms listed in Count Four of the indictment are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 924(d) and 3665, and 28 U.S.C. § 2461(c). ECF No. 16.

Defendant's Motion seeks the suppression of evidence seized during the search of his person, his vehicle, and his residence, and also seeks to dismiss Count Three arguing that the charge is unconstitutionally vague. ECF No. 24. Magistrate Judge Feldman conducted a

suppression hearing on January 27, 2014 that was later continued on May 13, 2014. ECF Nos. 37, 45. After receiving further submissions from the parties (ECF Nos. 35, 39, 47, 48, 55) Magistrate Judge Feldman issued his Report and Recommendation ("R&R") on December 2, 2014, which recommends the denial of Defendant's motions. ECF No. 57. On December 23, 2014, Defendant timely filed his Objections to the Report and Recommendation. ECF No. 60. The Objections filed on December 23, 2014 consist of a 12 page memorandum from Defendant's counsel, and an attached five-page supplemental *pro se* memorandum written by the Defendant. *Id.* The government filed its Response to the Defendant's Objections on January 7, 2015. ECF No. 63. In addition to these filings, the Defendant authored two additional *pro se* submissions, which were received by the Court on January 5, 2015 and January 22, 2015. ECF No. 61, 64.

Since the Defendant has filed Objections, this Court must conduct a *de novo* review as to those portions of the "R&R" to which objections have been made. *See* 28 U.S.C. § 636(b)(1)(C). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* As part of this review, the Court has considered all of the parties' submissions to date, as well as the transcripts of the suppression hearings. Based upon that *de novo* review, I find no basis to alter, modify, or reject Magistrate Judge Feldman's "R&R."

Before addressing the merits of the Objections, I would note that the Court has received several *pro se* submissions from the Defendant, despite the fact that he is represented by counsel. Indeed, his counsel seems to have endorsed this practice, in that counsel's Objections to the R&R attach a *pro se* submission from his client, which defense counsel requests that the Court consider in ruling on the Objections to the R&R.

In rendering a decision on the Objections to the R&R, I have read and considered the Defendant's *pro se* submissions, in addition to those made by his counsel. However, I will not

2

permit such hybrid representation of the Defendant going forward. A defendant has the right to be represented by counsel, and he also has the right to proceed *pro se*. But it is well settled that "those rights cannot both be exercised at the same time." *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977); *see also United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) ("[A] criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney.") As such, I will not consider future *pro se* submissions from the Defendant since he is represented by counsel. Of course, the Defendant may propose whatever submissions or suggestions he has to his counsel, but any submissions to this Court must be made by Defendant's counsel. If the Defendant wishes to proceed *pro se*, he may certainly make that request of the Court, and I will conduct an inquiry at that time.

Turning to the merits of the Objections, Judge Feldman recommended that I deny the Defendant's Motion to Suppress Evidence, based upon his determination that the challenged warrant was supported by sufficient probable cause.

Defendant objects to this recommendation, and argues that because the warrant affidavit failed to mention either the informant's prior drug use or the fact that the informant was being paid for information by law enforcement, that the warrant lacked probable cause. I disagree.

Judges who issue warrants must answer the "commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place," *Illinois v. Gates*, 462 U.S. 213, 230 (1983), and the law recognizes that probable cause "does not demand certainty but only a fair probability that contraband or evidence of a crime will be found." *United States v. Gaskin*, 364 F.3d 438, 457 (2d Cir. 2004). In reviewing a probable cause determination, the Court gives "due weight to inferences drawn from those facts by resident judges and law enforcement officers," *United States v. Wilson*, 699 F.3d 235, 242 (2d Cir. 2012) (internal quotation marks and alterations omitted), as "courts recognize that

3

experience and training may allow a law enforcement officer to discern probable cause from facts and circumstances where a layman might not." *Gaskin*, 364 F.3d at 457. Further, reviewing courts "must accord considerable deference to the probable cause determination of the issuing magistrate." *United States v. Clark*, 638 F.3d 89, 93 (2d Cir. 2011) (quoting *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007)).

As Magistrate Judge Feldman pointed out, it is well settled in this Circuit that "[w]hen the affidavit in support of the search warrant is based on information obtained from a confidential informant, courts assess the information by examining the totality of the circumstances bearing upon its reliability." *United States v. Canfield*, 212 F.3d 713, 718 (2d Cir. 2000) (internal quotation marks omitted). Information provided by a confidential informant may "be sufficiently reliable to establish probable cause" where the investigating police had "received consistently reliable information in the past" from that informant. *McColley v. Cnty. of Rensselaer*, 740 F.3d 817, 842 (2d Cir. 2014). The issuing judge is required to "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238 (internal quotation marks omitted).

The challenged affidavit of July 17, 2013 relates that the affiant, Rochester Police Department Investigator Jennifer Morales, is an experienced narcotics investigator, having been a police officer for over 20 years, during which time she was involved in numerous narcotics investigations and over 700 court ordered search warrants. It further states that she met with the informant, an individual who was known to her and provided reliable information since 2012, and that the informant provided information regarding the Defendant. Specifically, the warrant recounts the informant's dealings with the Defendant on July 5, 2013, where the informant and

the Defendant were at 35 Chi Mar Drive, and where the Defendant possessed an AK-47, both at his residence and in his vehicle, for the stated purpose of protecting himself in an area of Rochester where he sells ecstasy and marijuana. According to the affidavit, that same informant purchased ecstasy and marijuana from the Defendant on July 9, 2013, and related that the Defendant stored narcotics under the steering wheel of his vehicle, a white Cadillac. The fact that the Defendant drove a white Cadillac was verified by Investigator Morales' information from her investigation, and from her own observations. Further, on July 16, 2013, Investigator Morales surveilled the informant while that individual went to the Defendant's residence at 35 Chi Mar Drive, and the informant stated that the Defendant sold ecstasy to him or her for $100.00. A portion of the substance purchased was field tested, and did test positive for the presence of MDMA, commonly referred to as ecstasy. These facts provide more than a sufficient basis for the issuing state court judge to conclude that probable cause existed to issue the challenged warrant, and the Defendant's contentions to the contrary are not persuasive.

Defendant's argument that Investigator Morales' omission of the informant's past drug use or the fact that the informant was being paid negates the probable cause finding is also without merit. There is absolutely no indication here that any prior drug use by the informant had any effect on the information provided to the issuing judge, and indeed, as Magistrate Judge Feldman also pointed out, courts facing similar challenges have found these same circumstances insufficient to defeat the issuing judge's finding of probable cause. *See, e.g., United States v. Levasseur*, 816 F.2d 37, 43 (2d Cir. 1987) (failure of search warrant affiant to reveal informant's drug and alcohol abuse and psychiatric problems did not defeat finding of probable cause); *United States v. Williams*, 477 F.3d 554, 558 (8th Cir. 2007) (finding "that an affidavit is not robbed of its probative effect by its failure to mention that the informant was a paid informant who avoided prosecution by virtue of her testimony").

For all of these reasons, the challenged warrant was indeed supported by sufficient probable cause, and the Defendant's Motion to Suppress Evidence is denied.

For these same reasons, Defendant's *pro se* argument that he was entitled to relief under *Franks v. Delaware*, 438 U.S. 154 (1978), is also without merit in this case. The standard to obtain a *Franks* hearing is well settled, and a defendant is entitled to such a hearing where he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155-56. While *Franks* addresses false statements, "omissions from an affidavit that are claimed to be material are governed by the same rules." *United States v. Ferguson*, 758 F.2d 843, 848 (2d Cir. 1985). "The ultimate inquiry is whether, after putting aside erroneous information and material omissions, there remains a residue of independent and lawful information sufficient to support probable cause." *United States v. Canfield*, 212 F.3d 713, 718 (2d Cir. 2000) (quotation marks omitted). As previously stated, the omissions regarding the informant's prior drug use and payment by law enforcement does not alter the probable cause analysis in this case, and *Franks* does not entitle the Defendant to any relief.

Finally, the Defendant argues that Count Three of the indictment is unconstitutionally vague as applied to him. Count Three of the Indictment reads as follows:

> On or about July 18, 2013, in the Western District of New York, the defendant, ARTHUR LONG, did knowingly, intentionally and unlawfully use and maintain a place, that is, the premises at 35 Chi Mar Drive, Rochester, New York, for the purpose of manufacturing, distributing and using methylone and marijuana, Schedule I controlled substances. All in violation of Title 21, United States Code, Section 856(a)(1).

The Count tracks the language of the statute, which similarly reads as follows:

> Except as authorized by this subchapter, it shall be unlawful to--
> (1) knowingly open, lease, rent, use, or maintain any place,

6

> whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance.

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Morrison,* 686 F.3d 94, 103 (2d Cir. 2012) (quotation marks omitted). Although a law has to provide "minimal guidelines" in the form of "explicit standards" regarding what conduct is unlawful, "it need not achieve meticulous specificity, which would come at the cost of flexibility and reasonable breadth." *Mannix v. Phillips,* 619 F.3d 187, 197 (2d Cir. 2010) (quotation marks omitted). In determining whether a statute satisfies the "fair notice" prong, we ask "whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *Id.* (quotation marks omitted).

I reject Defendant's argument that this "statute does not give adequate notice to the public, and Arthur Long in particular, that the use of any premises for the purpose of 'use' of a controlled substance is prohibited." ECF No. 60, at 11. The statue and the indictment plainly put the Defendant on notice that using a place, permanently or temporarily, for the purpose of using controlled substances, is unlawful. I find nothing confusing about this language, and conclude that any lay person reading this statute would easily understand what conduct this statute prohibits. While the Second Circuit has not addressed this precise issue, I agree with the other Circuits that have addressed it and found the statute to adequately define the unlawful conduct in a way that an ordinary person would understand. *See, e.g., United States v. Shelter,* 665 F.3d 1150, 1162-63 (9th Cir. 2011). As Magistrate Judge Feldman suggested in his R&R, to the extent that the Defendant wishes to request certain jury instructions regarding this Count (and for that matter, regarding any Count), he is free to do so as part of his pretrial submissions.

Based on all of the foregoing, the Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge Jonathan W. Feldman (ECF No. 57) in its entirety, and Defendant's motions to suppress evidence and to dismiss Count Three of the Indictment (ECF No. 24) are denied in all respects.

IT IS SO ORDERED.

DATED:   March 30, 2015
         Rochester, New York

                                    _____/s/ Frank P. Geraci, Jr._____
                                    HON. FRANK P. GERACI, JR.
                                    Chief Judge
                                    United States District Court