UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ARTHUR LONG,

                              Petitioner,

                                                   Case # 17-CV-6385-FPG
                                                                   13-CR-6145-FPG

v.

                                                              DECISION AND ORDER

UNITED STATES OF AMERICA,

                              Respondent.
_____

## INTRODUCTION

*Pro se* petitioner Arthur Long ("Petitioner") seeks to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. ECF No. 154. On November 20, 2017, Petitioner moved for leave to conduct limited discovery and for an extension of time to reply to the Government's response in opposition to his motion to vacate. ECF No. 163. For the reasons that follow, Petitioner's discovery motion is DENIED, but his request for an extension of time is GRANTED.

## DISCUSSION

A habeas petitioner is not entitled to discovery and must instead "provide specific evidence that the requested discovery would support his habeas corpus petition." *Hirschfeld v. Comm'r of the Div. of Parole*, 215 F.R.D. 464, 465 (S.D.N.Y. 2003). Here, Petitioner has provided no such evidence. His sole Section 2255 claim is that trial counsel Robert Wood was ineffective in advising him to enter into a trial stipulation without discussing the stipulation with Petitioner or informing him that it would be entered into evidence. Mr. Wood's attorney affidavit, however, refutes this claim. ECF No. 162-1. Mr. Wood stated that Petitioner's defense at trial was that the drugs seized from his home were not possessed with intent to distribute. Mr. Wood stated that he

1

told Petitioner that if he did not sign the stipulation, the Government would have called a chemist to testify that the drugs in Petitioner's possession were methylone and marijuana. Because the nature of the drugs was not in dispute, Mr. Wood told Petitioner that signing the stipulation would help the jury focus on Petitioner's defense of lack of intent to distribute. Mr. Wood stated that Petitioner appeared to understand the terms of his stipulation.

Petitioner has asked the Court to compel the Government to provide him with a copy of the stipulation agreement, but he has not adduced evidence that the stipulation agreement itself would support his ineffective assistance of counsel claim or discredit the alleged facts of Mr. Wood's affidavit. Because he has not provided the necessary "specific evidence" to demonstrate that the stipulation agreement would support his habeas petition, his request to conduct limited discovery is DENIED. However, because Petitioner was awaiting this Court's decision on his discovery motion before filing his reply papers in this matter, his request for an extension of time is GRANTED. Petitioner now has until December 22, 2017 to file a reply.

IT IS SO ORDERED.

Dated: November 30, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court