```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ARTHUR LONG, | **DECISION AND ORDER** |
| Movant, | **Civil Case**<br>**No. 6:17-cv-06385-MAT** |
| -vs- | **Criminal Case**<br>**No. 6:13-cr-06145-MAT** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## INTRODUCTION

Proceeding *pro se*, Arthur Long ("Long" or "Movant") has filed a Motion to Vacate the Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), alleging that he is being detained in the custody of respondent, the United States of America ("the Government"), pursuant to an unconstitutionally imposed sentence. For the reasons discussed below, Long's § 2255 Motion is denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 24, 2013, a federal grand jury returned a four-count indictment charging Long with possession of methylone with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 2); use of premises to manufacture, distribute and use controlled substances, in violation of 21 U.S.C. § 856(a)(1) (Count 3); and possession of a firearm in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 4). On July 13, 2015, Long's trial commenced

before Hon. Frank P. Geraci, Jr., United States District Judge, and a jury. On July 16, 2015, the jury returned guilty verdicts against him on all counts in the indictment.

On December 15, 2015, Judge Geraci sentenced Long principally to concurrent terms of imprisonment of 21 months on Counts 1 through 3, and 60 months on Count 4, to be served consecutively to the terms imposed on Counts 1 through 3, resulting in an aggregate sentence of 81 months' imprisonment. Judgment was entered on December 19, 2015, and filed on December 21, 2015. On December 21, 2015, Long timely filed a notice of appeal.

On February 2, 2017, a panel of the United States Court of Appeals for the Second Circuit unanimously affirmed the judgment of conviction. *United States v. Arthur Long*, 678 Fed. Appx. 31 (2d Cir. 2017) (summary order). Long's a petition for a panel rehearing was denied on March 29, 2017.

Long commenced the instant Section 2255 proceeding on June 12, 2017, asserting that he was denied the effective assistance of his defense attorney, Robert W. Wood, Esq. ("trial counsel"). According to Long, trial counsel advised him to enter into a prejudicial stipulation with the Government without discussing the stipulation with Long or informing him that it would be entered into evidence. The Government filed a response, which included an affidavit from trial counsel. Long filed two replies, including his affidavit attempting to rebut trial counsel's affidavit.

The § 2255 proceeding was transferred to the undersigned on October 2, 2018. For the reasons discussed below, relief under § 2255 is denied.

## DISCUSSION

**I. Standard Under § 2255**

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court may dismiss a § 2255 motion without a hearing if the motion and the record "conclusively show[,]" *id.*, that the movant is not entitled to relief. *E.g.*, *Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001).

**II. The Stipulation**

The stipulation at issue, introduced into evidence as Exhibit 42, concerned the results of the chemical testing performed on Government's Exhibits ("Gov't Exs.") 29, 35, 37, and 38 (items seized from Long's car, house, and person). Specifically, the parties stipulated that Gov't Ex. 35 contained a controlled

substance, namely, methylone; and that Gov't Exs. 29, 37, and 38 contained marijuana. *See* Memorandum of Law in Support of Section 2255 Motion ("§ 2255 Mem.") (Docket No. 154-1) at 7-11 (quoting July 14, 2015 Trial Transcript ("7/14/05 Tr.") at 135-36, 144-45, 147, 149-50, attached as Exhibit ("Ex.") C to § 2255 Motion). According to Long, "at no time did [trial counsel] advise him that he was signing a stipulation to admit to the alleged facts of drug evidence by the United States, so that it could establish his guilt at trial on the charges contained in the indictment against him." § 2255 Mem. at 6; *see also* Affidavit of Arthur Long ("Long Aff.") ¶ 3, attached as Ex. A to § 2255 Motion.

In his October 26, 2017 affidavit responding to the § 2255 Motion, trial counsel explains that the defense focused on arguing that "the drugs found in [Long's] vehicle and home were not possessed with intent to distribute, and that the guns found in his home were possessed for self-protection, not for purposes of aiding drug trafficking activity." Affidavit of Robert Wood, Esq. ("Wood Aff.") (Docket No. 161) ¶ 3. Trial counsel avers that he discussed the effect of the stipulation and the reasons for signing it with Long prior to Long's signing of the stipulation. *Id.* ¶ 9 Although trial counsel does not recall their exact conversation, he states that, at the time, Long appeared to understand the reasons for signing it and to agree that signing the stipulation, as opposed to having the Government call a chemist to testify, was "a good idea

to save time and assist the jury in focusing on the defenses and the real issues in this case." *Id.*

### III. The Standard Under *Strickland v. Washington*, 466 U.S. 668 (1984)

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate both deficient representation and prejudice resulting therefrom. *Strickland*, 466 U.S. at 687-89. Specifically, a defendant must show that (1) his attorney's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Id.* at 687–88.

Reasonable strategic choices by counsel after an appropriate investigation of the facts and law are "virtually unchallengeable," while those "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91. "Among the 'virtually unchallengeable' tactical decisions left to the judgment of trial counsel are determinations regarding the defense strategy adopted at trial." *Gluzman v. United States*, 124 F. Supp. 2d 171, 174 (S.D.N.Y. 2000) (quoting *United States v. Simmons*, 923 F.2d 934, 956 (2d Cir.) (defendant's displeasure with counsel's strategy does not establish ineffectiveness), *cert. denied*, 500 U.S. 919 (1991); citing

*United States v. DiTommaso*, 817 F.2d 201, 215 (2d Cir. 1987) (lack of success of chosen strategy does not warrant judicial second-guessing)).

In evaluating the prejudice component of *Strickland*, the reviewing court looks to the "cumulative weight of error" in order to determine whether the prejudice "reache[s] the constitutional threshold." *Lindstadt v. Keane*, 239 F.3d 191, 202 (2d Cir. 2001). The two prongs of *Strickland* may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697.

**IV. Movant Has Not Established His Trial Counsel Was Ineffective**

Long argues that had he known the contents of the stipulation, and that the Government was "going to use it as self-incriminating evidence against him, to prove to the jury that he knew that he had 'possessed' a controlled substance with the intent to distribute it[,]" § 2255 Mem. at 7, he would not have signed it. *Id.* Long argues that without the stipulations being offered to the jury, the Government would not have met its burden of proving that Long "knew he was dealing with 'a controlled substance,'" *id.* (quoting *McFadden v. United States*, 135 S. Ct. 2298, 192 L. Ed. 2d 260, 267 (2015)), "because none of its witnesses testified that they brought methylone or marijuana from Long." *Id.* Long contends that "[t]here was no other evidence presented by" the Government that Long "knew

he possessed a substance listed on 'the federal drug schedules.'" *Id.* (quoting *McFadden*, 192 L. Ed.2d at 270). *McFadden* held that in prosecutions under the Controlled Substance Analogue Enforcement Act of 1986 ("Analogue Act"), 21 U.S.C. §§ 802, 813, the Government must prove a defendant "knew he was dealing with 'a controlled substance.'" *McFadden*, 135 S. Ct. at 2302. However, Long's convictions were not under the Analogue Act. Therefore, *McFadden* is inapposite. *See*, *e.g.*, *United States v. Tuttle*, 646 F. App'x 120, 122 (2d Cir. 2016) (summary order) (holding that *McFadden* was inapposite to conviction for conspiracy and substantive offenses related to 3, 4-methylenedioxypyrovalerone or MDPV, a Schedule I controlled substance).

The Court finds, as discussed further below, that Long has not demonstrated a reasonable probability, much less a reasonable possibility, of a different result. Even without the stipulation, the jury would have heard expert testimony regarding the nature of the items seized from Long's person, car, and residence. In the event the stipulation was not signed, the Government was prepared to call Michele Friedman, a forensic chemist from the Monroe County Laboratory who was listed on the Government's proposed witness list. *See* Government's Memorandum of Law ("Gov't Mem.") (Docket No. 162) at 11. The forensic chemist would have testified regarding her analysis of, and findings regarding, the substances seized in this case. *Id.* Trial counsel was provided with this witness's

statement of qualifications as well as her laboratory report and laboratory notes as part of the *Jencks* material. *Id.* at 12. Specifically, the forensic chemist was prepared to testify as an expert regarding the weight of the substances seized, to identify the capsules and tablets as containing methylone, and to identify the plant material as marijuana, both of which are Schedule I controlled substances. *See* Gov't Mem. at 12 (citing Government's Expert Disclosure (Docket No. 74), attached as Ex. D to Gov't Mem). Trial counsel avers that after the Government's direct examination of the forensic chemist, he would have had no questions to ask on cross-examination since the character of the substances seized was not in dispute. *See* Wood Aff. ¶ 6. Without the stipulation, the undisputed testimony of the forensic chemist would have resulted in the receipt of this evidence. *See id.* ¶ 7.

Since the nature of the substances seized was not a disputed issue, the only effect of signing the stipulation was that the Government would not be required to call the forensic chemist, which trial counsel believed would have been time-consuming and irrelevant to the defense. Wood Aff. ¶ 6. As trial counsel explains in his affidavit, it was never part of the defense theory to argue that the pills seized were not in fact methylone or that the leafy substances found in Petitioner's car and at his home were not in fact marijuana. *Id.* ¶ 4. Rather, defense counsel argued to the jury that the drugs found in Long's vehicle and home were not possessed

with intent to distribute, and that the guns found in Long's home were possessed for self-protection, not for purposes of aiding drug trafficking activity. *Id.* ¶ 3. The stipulation therefore was not in conflict with the defense pursued by trial counsel. *See Ross v. Miller*, No. 14-CV-3098(RA)(JLC), 2016 WL 1376611, at *19 (S.D.N.Y. Apr. 7, 2016) (even if trial counsel performed deficiently in entering an evidentiary stipulation because it was harmful to petitioner's credibility, there was no prejudice because "the testimony and the stipulation did not undermine the defense's theory of the case") (citing *Illescas v. Lee*, No. 11–CV5835(ARR), 2013 WL 1247513, at *11 (E.D.N.Y. Mar. 26, 2013) (similar). Moreover, as the contents of the stipulation were not germane to the defense theory, it was not unreasonable for trial counsel to recommend that Long sign it.

For the foregoing reasons, the Court finds that Long has not demonstrated prejudice because he cannot demonstrate there was a reasonable possibility or probability that the jury would have returned a more favorable verdict had the stipulation not been signed and the forensic chemist instead been called to testify. In addition, Long has not has not overcome the presumption that, under the circumstances, trial counsel's recommendation that Long sign the stipulation might be considered a reasonable trial strategy. Trial counsel's performance cannot be deemed constitutionally deficient simply because his chosen strategy was unsuccessful.

Finally, the Court finds that no evidentiary hearing is required because "the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255.

**CONCLUSION**

For the reasons discussed above, the Section 2255 Motion (Docket No. 154) is denied. The Clerk of Court is directed to close civil case No. 6:17-cv-06385-MAT.

**SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   November 8, 2018
         Rochester, New York.